IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS A. JOHNSON,

    Defendant.                                 Case No. 99-cr-30022-9-DRH

MEMORANDUM & ORDER

HERNDON, Chief Judge:

Defendant Carlos A. Johnson has filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Doc. 617) and supporting memorandum (Doc. 618). Administrative Order No. 102[1] was then issued in this case (Doc. 619) and the Office of the Federal Public Defender ("FPD") for the Southern District of Illinois was appointed to represent Defendant in this matter for the purposes of determining whether a

---

[1] Administrative Order No. 102, dated December 19, 2007, instructs the Clerk of the Court to appoint the Federal Public Defenders Office to represent each defendant who files a motion for reduction of sentence based upon the amended advisory sentencing guidelines regarding the disparity between sentences for convictions of powder cocaine offenses versus crack cocaine offenses (*see* United States Sentencing Guidelines § 2D1.1).

Page 1 of 5

reduction of sentence pursuant to **18 U.S.C. § 3582** was appropriate. Protocol implemented by the FPD requires a review of Defendant's case to determine eligibility for a sentence reduction and then to either file an amended petition requesting said reduction if Defendant is determined to be eligible or else a motion to withdraw from representation if Defendant is found ineligible.

Defendant pled guilty to Count 1 of the Second Superseding Indictment (Doc. 162). Count 1 was a drug-related offense which charged Defendant with conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine and cocaine base. Defendant was sentenced in this matter on February 9, 2001, to a total term of 210 months' imprisonment (Doc. 393).

Also before the Court is the FPD's Motion to Withdraw (Doc. 621) on the basis that the FPD can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). ***See Anders v. California*, 386 U.S. 738, 744 (1967)**. The Court allowed Defendant time to file a response, which he elected to do (Doc. 626). In his Response, Defendant asked the Court to deny the FPD's Motion to Withdraw, and in the alternative, to defer ruling on the motion for no fewer than 45 days but no more than 90 days so that he could have the opportunity to discuss the motion with his appointed FPD. The Court entered an order deferring its ruling for a period of 60 days (Doc. 627). Thereafter, the FPD filed a Status Report (Doc. 645), explaining that after conferring with Defendant, its position remained unchanged and that it still sought to withdraw.

The FPD has determined, after review of Defendant's case, that he is ineligible for a **§ 3582** sentence reduction. **Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see* ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied,* **129 S. Ct. 2817 (2009)**.

Defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels

associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. ***See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine")**.

Defendant was sentenced based on relevant conduct that included more than 4.5 kilograms of crack cocaine – his relevant conduct was found to be 8,064 grams of crack cocaine (or 8.064 kilograms of crack cocaine). Thus, the amendment did not lower his guideline range, and he cannot satisfy the first criterion under **18 U.S.C. § 3582(c)(2)** for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider his reduction request. ***See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.** The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 621) and **DISMISSES** for lack of jurisdiction Defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Doc. 617). The Clerk is **DIRECTED** to mail a copy of this Order via U.S. mail to defendant Carlos A. Johnson, #05070-025, FCI

Englewood, Inmate Mail/Parcels, 9595 West Quincy Ave., Littleton, CO 80123.[2]

**IT IS SO ORDERED.**

Signed this 29th day of October, 2010.

David R. Herndon
2010.10.29 09:49:18
-05'00'

**Chief Judge
United States District Court**

---

[2] Although it is Defendant's responsibility, as a *pro se* filer, to keep the Court apprised of any changes in his mailing address, the Court notes that the BOP inmate locator now shows that he is housed at USP Marion, U.S. Penitentiary, P.O. Box 1000, Marion, IL 62959. **The Clerk is also instructed to mail a copy to Defendant at this new address.**